UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TYRONE HAWKINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5058** |
| **MARLIN GUSMAN, STATE OF LOUISIANA** | **SECTION "A"(5)** |

### ORDER AND REASONS

Plaintiff, Tyrone Hawkins, is a prisoner currently incarcerated in the Orleans Parish Prison. He is a frequent filer of frivolous lawsuits in the federal courts.

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 against Sheriff Gusman and the State of Louisiana. He alleges threats from security, inadequate schooling programs, inadequate law library and legal assistance, unsentenced inmates are housed with sentenced inmates, inadequate medical care, and an unsafe environment due to drugs and alcohol being provided by deputies to inmates. (Rec. Doc. No. 1, Complaint).

With his complaint, plaintiff submitted an application to proceed in forma pauperis pursuant to Title 28 U.S.C. § 1915. This is a non-dispositive pretrial matter which was

referred to the undersigned magistrate judge pursuant to Local Rule 72.1 (b)(1) and Title 28 U.S.C. § 636(b).

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, now codified at Title 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

The court's records establish that at least three of Hawkins's prior civil complaints, filed while he was incarcerated, were dismissed as frivolous and/or for failure to state a claim. These include the following: Tyrone Hawkins v. Marlin N. Gusman, et al., Civil Action No. 06-5241 "C"(2); Tyrone Hawkins v. Marlin N. Gusman, et al., Civil Action No. 10-1178 "F"(5); Tyrone Hawkins v. DCI Classification Officer, et al., Civil Action No. 3:10-cv-00606-RET-SCR (M.D. La. 2010).

Imminent danger refers to threats which are "real and proximate," meaning "a genuine emergency where time is pressing." See e.g., Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Claimants must state specific facts, not conclusory allegations. Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986). Imminent danger of serious physical injury is not implicated by plaintiff's claims. Consequently, plaintiff is not

entitled to proceed in forma pauperis pursuant to the provisions of the Prison Litigation Reform Act. For the foregoing reasons,

    **IT IS ORDERED** that Tyrone Hawkins's motion to proceed in forma pauperis is **DENIED**. 28 U.S.C. § 1915(g).

    New Orleans, Louisiana, this 16th day of July, 2013.

                                      **ALMA L. CHASEZ**
                              **UNITED STATES MAGISTRATE JUDGE**